UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN CORPORATION, PLC and <br> ELAN PHARMA INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS SOUTH ATLANTIC LLC <br><br> Defendant. | Civil Action No. 1:07-cv-00679-SLR |

## ANSWER AND COUNTERCLAIMS

Defendant Actavis South Atlantic LLC (hereinafter "defendant") hereby responds to the corresponding paragraphs of the Complaint of plaintiffs Elan Corporation, plc and Elan Pharma International LTD (collectively "plaintiffs" or "Elan") as follows:

1. Admitted, on information and belief.

2. Admitted, on information and belief.

3. Defendant admits that Actavis South Atlantic LLC is a Delaware limited liability company, having a place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

4. Denied, except to admit that the Complaint purports to state a cause of action under Title 35 of the U.S. Code with respect to Actavis South Atlantic LLC's filing of Abbreviated New Drug Application ("ANDA") No. 79-108 prior to the expiration of United States Patent Nos. 6,228,398 ("the '398 patent") and 6,730,325 ("the '325 patent").

5. Admitted.

6. Defendant admits that this Court has personal jurisdiction over Actavis South Atlantic LLC because it is organized under the laws of the State of Delaware and denies the remaining allegations.

7. Admitted.

8. Denied, except to state on information and belief that the U.S. Patent & Trademark Office ("PTO") issued U.S. Patent No. 6,228,398 ("the '398 patent") to Elan Corporation plc on May 8, 2001, and that a copy is attached to the Complaint as Exhibit A.

9. Denied, except to state on information and belief that the PTO issued U.S. Patent No. 6,730,325 ("the '325 patent") to Elan Corporation plc on May 4, 2004, and that a copy is attached to the Complaint as Exhibit B.

10. Defendant has insufficient knowledge to admit or deny the allegations and therefore denies the same leaving the plaintiffs to their proof.

11. Admitted.

12. Admitted.

13. Denied, except to state that the Actavis Letter also stated that the Actavis' ANDA included a certification under 21 U.S.C. §355(j)(2)(A)(vii)(IV) that the manufacture, use or sale of the proposed generic dexmethylphenidate hydrochloride capsules described in its ANDA will not infringe any valid claim of the '398 and '325 patents.

14. Defendant incorporates by reference its responses to paragraphs 1-13.

15. Denied.

16. Denied. To the extent that this paragraph purports to state a claim for relief under 35 U.S.C. § 271 (a), (b), or (c) no case or controversy exists and such claims are subject to dismissal.

17. Denied, except to admit that Actavis was aware of the '398 patent prior to filing ANDA No. 79-108.

18. Defendant incorporates by reference its responses to paragraphs 1-13.

19. Denied.

20. Denied. To the extent that this paragraph purports to state a claim for relief under 35 U.S.C. § 271 (a), (b), or (c) no case or controversy exists and such claims are subject to dismissal.

21. Denied, except to admit that Actavis was aware of the '325 patent prior to filing ANDA No. 79-108.

## PRAYER FOR RELIEF

Defendant denies that plaintiffs are entitled to any relief from the Court.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

22. Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### Invalidity

23. The '398 patent is invalid by reason of the failure of the '398 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

24. The '325 patent is invalid by reason of the failure of the '325 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

## COUNTERCLAIMS

### The Parties

1. Actavis South Atlantic LLC is organized and existing under the laws of the State of Delaware, having a principal place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

2. Actavis South Atlantic LLC was formed subject to conversion pursuant to Section 18-214 of the Delaware Limited Liability Company Act, which was recorded on May 11, 2007, from Abrika Pharmaceuticals, Inc., a Delaware corporation having a principal place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

3. Elan Corporation, plc is an Irish corporation having its principal place of business at Treasury Building, Lower Grand Canal St., Dublin 2, Ireland.

4. Elan Pharma International Ltd. is an Irish corporation having its principal place of business at Monksland, Athlone County, Westmeath, Ireland. On information and belief, Elan Pharma International Ltd. is a subsidiary of Elan Corporation, plc.

5. Plaintiffs Elan Corporation, plc and Elan Pharma International Ltd. are collectively referred to herein as "Elan."

### FIRST COUNT

### Declaration of Non-Infringement

6. Defendant repeats and realleges paragraphs 1-5 of the Counterclaims.

7. This claim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8.      Through ANDA No. 79-108, defendant seeks approval to manufacture and sell dexmethylphenidate hydrochloride capsules in the 5, 10, 15 and 20 mg strengths ("Actavis' Proposed Products"), prior to the expiration of the '398 patent and the '325 patent. In its Complaint, Elan has asserted that defendant has infringed U.S. Patent Nos. 6,228,398 ("the '398 patent") and 6,730,325 ("the '325 patent") by submission of Abbreviated New Drug Application ("ANDA") No. 79-108 to the Food and Drug Administration ("FDA") under 21 U.S.C. § 355(j).

9.      Plaintiff maintains, and defendant denies, that Actavis' Proposed Products infringe the '398 patent and the '325 patent.

10.      The '398 patent and the '325 patent do not claim Actavis' Proposed Products.

11.      Actual and justiciable controversies exist between defendant and plaintiffs regarding the infringement of the '398 patent and the '325 patent.

12.      Defendant is entitled to declarations that Actavis' Proposed Products do not infringe the '398 patent and the '325 patent.

## SECOND COUNT

### Declaration of Invalidity

13.      Defendant repeats and realleges paragraphs 1-5 of the Counterclaims.

14.      This claim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

15.      The '398 patent and the '325 patent are invalid by reason of the failure of the '398 patent and the '325 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

16. Actual and justiciable controversies exist between defendant and plaintiffs regarding the validity of the '398 patent and the '325 patent.

17. Defendant is entitled to declarations that the '398 patent and the '325 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, defendant demands judgment in its favor and against plaintiffs, as follows:

a) Dismiss the Complaint with prejudice and deny each request for relief made by plaintiffs;

b) Adjudge the '398 patent invalid and not infringed;

c) Adjudge the '325 patent invalid and not infringed;

d) Declare that this case is exceptional under 35 U.S.C. § 285;

e) Award defendant its attorneys' fees pursuant to 35 U.S.C. § 285, other statutes or rules, or the general power of the Court;

f) Preliminarily and permanently enjoin plaintiffs, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with plaintiffs, from utilizing either the '398 patent or the '325 patent to block, hamper, hinder or obstruct FDA approval of Actavis' Proposed Products;

g) Permanently enjoin plaintiffs, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with plaintiffs, from asserting or otherwise seeking to enforce the '398 patent or the '325 patent against defendant or anyone in privity with defendant;

h) Order plaintiffs to request FDA to terminate the 30-month statutory stay provided by 21 U.S.C. § 355(j)(5)(B)(iii); and

i) Award defendant such other and further relief as the Court deems just and proper.

          BOUCHARD MARGULES & FRIEDLANDER, P.A.

           /s/ David J. Margules
          Andre G. Bouchard (I.D. No. 2504)
          David J. Margules (I.D. No. 2254)
          222 Delaware Avenue, Suite 1400
          Wilmington, DE 19801
          Telephone: 302.573.3500
          abouchard@bmf-law.com
          dmargules@bmf-law.com
          *Attorneys for Defendant*
          *Actavis South Atlantic LLC*

OF COUNSEL:

Francis H. Morrision, III
Jonathan A. Harris
Matthew J. Becker
James Mahanna
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT  06103-3702
Telephone:    860.275.8100

Dated:  December 19, 2007

7

**CERTIFICATE OF SERVICE**

I, David Margules, hereby certify that on December 19, 2007, I caused to be electronically filed a true and correct copies of defendant Actavis South Atlantic LLC's *Answer and Counterclaims* and its *Rule 7.1 Corporate Disclosure Statement* with the Clerk of the Court using CM/ECF that will send notification of such filing to the following counsel of record:

> Jack. B. Blumenfeld
> Maryellen Noreika
> MORRIS, NICHOLS, ARSHT AND TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> *jbbefiling@mnat.com*
> *mnoreika@mnat.com*

> /s/ David Margules
> Andre G. Bouchard (No. 2504)
> David J. Margules (I.D. No. 2254)
> BOUCHARD, MARGULES & FRIEDLANDER, P.A.
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> Telephone:  (302) 573-3500
> abouchard@bmf-law.com
> dmargules@bmf-law.com
> *Attorneys for Defendant*
> *Actavis South Atlantic LLC*