## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

MARYELLEN NOREIKA
302 351 9278
302 425 3011 FAX
mnoreika@mnat.com

January 30, 2008

The Honorable Sue L. Robinson                                    *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Elan Corporation, plc, et al. v. Teva Pharmaceuticals USA Inc.*, C.A. No. 07-552 (SLR)
    *Elan Corporation, plc, et al. v. IntelliPharmaCeutics Corp., et al.*, C.A. No. 07-603 (SLR)
    *Elan Corporation, plc, et al. v. Actavis South Atlantic LLC*, C.A. No. 07-679 (SLR)
    *Elan Corporation, plc, et al. v. Barr Laboratories, Inc.*, C.A. No. 07-736 (SLR)

Dear Judge Robinson:

    Attached is a proposed scheduling order for discussion at the conference set for tomorrow at 1:00 p.m. To the extent that the parties have not reached agreement on issues, we have designated both the plaintiffs' and defendants' proposals for the various topics.

                                                    Respectfully,

                                                    /s/ Maryellen Noreika
                                                    Maryellen Noreika (#3208)

MN/dlb
Enclosures
cc:   Clerk of Court (Via Hand Delivery; w/ encl.)
      Joseph Grey, Esquire (Via Electronic Mail; w/ encl.)
      Thomas G. Whalen, Jr., Esquire (Via Electronic Mail; w/ encl.)
      Frederick L. Cottrell, II, Esquire (Via Electronic Mail; w/ encl.)
      Steven J. Fineman, Esquire (Via Electronic Mail; w/ encl.)
      Andre G. Bouchard, Esquire (Via Electronic Mail; w/ encl.)
      David J. Margules, Esquire (Via Electronic Mail; w/ encl.)
      John C. Phillips, Jr., Esquire (Via Electronic Mail; w/ encl.)
      Brian E. Farnan, Esquire (Via Electronic Mail; w/ encl.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN CORPORATION, PLC and<br>ELAN PHARMA INTERNATIONAL LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | C.A. No. 07-552-SLR |
| ELAN CORPORATION, PLC and<br>ELAN PHARMA INTERNATIONAL LTD.<br><br>Plaintiffs,<br><br>v.<br><br>INTELLIPHARMACEUTICS CORPORATION,<br>INTELLIPHARMACEUTICS LTD. and<br>PAR PHARMACEUTICAL, INC.<br><br>Defendants. | C.A. No. 07-603-SLR |
| ELAN CORPORATION, PLC and<br>ELAN PHARMA INTERNATIONAL LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ACTAVIS SOUTH ATLANTIC LLC,<br><br>Defendant. | C.A. No. 07-679-SLR |
| ELAN CORPORATION, PLC and<br>ELAN PHARMA INTERNATIONAL LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC.,<br><br>Defendant. | C.A. No. 07-736-SLR |

## **ORDER**

At Wilmington this ___ day of _____ 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

Civil Action No. 07-552-SLR, Civil Action No. 07-603-SLR, Civil Action No. 07-679-SLR and Civil Action No. 07-736-SLR shall be consolidated for all purposes and all filings shall be made in Civil Action No. 07-552-SLR.

The following schedule shall apply to the consolidated actions.

1. **Pre-Discovery Disclosures.** The parties **will exchange by February 14, 2008** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

(a) Discovery will be needed on the following subjects: Elan will take discovery on infringement and defendants' contentions on claim construction and invalidity. Defendants will take discovery on claim construction, non-infringement, invalidity, and unenforceability of the patents-in-suit.

(b) All fact discovery shall be commenced in time to be completed by: [Plaintiffs' Proposal: **December 12, 2008**]; [Defendants' Proposal: **August 29, 2008**].

(1) Document production shall be completed on or before: [Plaintiffs' Proposal: **July 18, 2008**]; [Defendants' Proposal: **May 30, 2008**].

(2) Maximum of **25 interrogatories** by each party[1] to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

(4) [Plaintiffs' Proposal: Maximum of **50 requests for admission** by each party to any other party]; [Defendants' Proposal: Maximum of **50 substantive requests for admission** by each party to any other party and unlimited requests regarding authenticity of documents.]

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) [Plaintiffs' Proposal: Maximum of **100 hours of fact depositions** by plaintiffs collectively and **100 by defendant(s)** collectively. Other than depositions of named inventors, each fact deposition limited to a maximum of **7** hours unless extended by agreement of parties. Depositions of named inventors will be limited to 14 hours unless extended by agreement of parties.] [Defendants' Proposal: Maximum of 100 **hours of fact depositions** by plaintiffs collectively and **200 by defendant(s)** collectively. Each fact

---

[1] For purposes of this Order, the two plaintiffs are considered to be a "party" and the defendants in C.A. No. 07-603-SLR collectively are considered to be a "party."

deposition by plaintiffs limited to a maximum of **7** hours unless extended by agreement of parties. Each fact deposition by defendants limited to a maximum of **14** hours per fact deposition unless extended by agreement of the parties.]

    (c) Expert discovery shall be commenced in time to be completed by: [Plaintiffs' Proposal: **May 1, 2009**]; [Defendants' Proposal: **January 5, 2009**].

    (1) Expert reports on issues for which the parties have the burden of proof due: [Plaintiffs' Proposal: **January 30, 2009**]; [Defendants' Proposal: **October 10, 2008**]. Rebuttal expert reports due: [Plaintiffs' Proposal: **March 13, 2009**]; Defendants' Proposal: [**November 7, 2008**].

    (2) The parties will discuss the appropriate length of expert depositions during the period for expert discovery.

    (3) All *Daubert* motions shall be filed on or before: [Plaintiffs' Proposal August ____, 2009]; [Defendants' Proposal: **February 2, 2009**].

    (d) Supplementations under Rule 26(e) due: [Plaintiffs' Proposal: Periodic supplementation with all supplementation **October 15, 2008**]; [Defendants' Proposal: **June 27, 2008**] and at other times as appropriate pursuant to Federal Rule of Civil Procedure 26(e).

    (e) **Discovery Disputes.**

    (1) The court shall conduct an in-person discovery status conferences on [Plaintiffs' Proposal: **August __, 2008** from [time a.m./p.m.]to [time a.m./p.m.]]; [Defendants' Proposal: **May 26, 2008** from [time a.m./p.m.]to [time a.m./p.m.]], the time to be allocated equally among the sides. No motions to compel or motions for protective order shall be filed absent approval of the court.

        (2)    The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

        (3)    Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

        (f)    **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to: [Plaintiffs' Proposal: **twenty (20) hours per side in the aggregate** unless extended by agreement of the parties or upon order of the court upon good cause shown]; [Defendants' Proposal: **twenty (20) hours for plaintiffs and forty (40) hours for defendants collectively** unless extended by agreement of the parties or upon order of the court upon good cause shown.]

        3.    **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before: **May 2, 2008.**.

        4.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

        5.    **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, the parties shall

exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on: [Plaintiffs' Proposal: **October 15, 2008**]; [Defendants' Proposal: **July 29, 2008**]. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** No summary judgment motions shall be filed without leave of the Court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on: [Plaintiffs' Proposal: **May 8, 2009**]; [Defendants' Proposal: **September 5, 2008**], with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on: [Plaintiffs' Proposal: **May 8, 2009**]; [Defendants' Proposal: **September 17, 2008**]. Simultaneous response briefs should be filed by: [Plaintiffs' Proposal: **June 5, 2009**]; [Defendants' Proposal: **October 8, 2008**]. The hearing on the claim construction will be held on: [Plaintiffs' Proposal: _____, 2009 at [time a.m./p.m.]]; [Defendants' Proposal: **October 24, 2008 at [time a.m/p.m.]**].

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

>	(a)	Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

>	(b)	No telephone calls shall be made to chambers.

>	(c)	Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.	**Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conferences and during trial (before and after the trial day).

10.	**Pretrial Conference.** A pretrial conference will be held on: [Plaintiffs' Proposal: **September __, 2009 at [time a.m./p.m.]**]; [Defendants' Proposal: **February 2, 2009 at [time a.m/p.m.]**] in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.	**Trial.** This matter is scheduled for a: [Plaintiffs' Proposal: **three week bench trial commencing on October 26, 2009**; [Defendants' Proposal: **10 day trial commencing on March 2, 2009**] in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge